**John W. SPENCE, Father and Next Friend of John W. Spence, Jr., Plaintiff,**

v.

**Edgar H. BAILEY et al., Defendants.**

**Civ. No. C–70–198.**

United States District Court, W. D. Tennessee, W. D.

April 29, 1971.

David E. Caywood, Memphis, Tenn., for plaintiff.

Ernest G. Kelly, Jr., Evans, Petree & Cobb, Memphis, Tenn., for defendants.

## OPINION AND DECLARA-TORY JUDGMENT

BAILEY BROWN, Chief Judge.

Plaintiff, John W. Spence, brings this action as father and next friend of John W. Spence, Jr., (hereinafter John) under 42 U.S.C. § 1983. The plaintiff seeks an injunction requiring the defendants to allow John to graduate from high school and also seeks a declaration that the defendants' actions in refusing to award him a diploma were illegal and unconstitutional. Defendants were the members of the Board of Education of the Memphis City Schools, the Superintendent of the Memphis City Schools, and the Principal of Central High School at the time John Spence, Jr. attended that school. This cause was tried without intervention of a jury and post trial briefs have been supplied.

In the fall of 1968 John entered Central High School as an eleventh grade student, having attended a private high school the year before. All male students at Central High must take an R.O.T.C. course in order to graduate. The course is taught by retired army personnel and consists of training in military drill and ceremonies, marksmanship, military tactics, leadership, and first aid, among other things. John enrolled in the R.O.T.C. course in the fall of 1968 and went to class for three days. On September 16, 1968 John Spence, Sr. wrote a letter to defendant E. C. Stimbert, who was at that time Superintendent of the Memphis City Schools, and defendant Robert King, who was at that time the Principal of Central High School, requesting that his son be exempted from the required course in military training due to his conscientious opposition to the use of violence as a means to human ends. The letter stated that John was willing to participate in a physical education course in place of the R.O.T.C. course. On Oc-

tober 16, 1968 Edgar H. Bailey, the President of the Board of Education, wrote to Mr. and Mrs. Spence stating in part:

"The Board of Education has carefully considered your request that your son be exempted from the ROTC program at Central High School and has concluded that no exemption can be granted. It has been decided that your son may continue his courses at Central High School, but since ROTC in the 10th and 11th grades is compulsory for graduation in the Memphis City Schools, the Board cannot issue a diploma unless this requirement and/or other requirements set by the Board are met."

John continued his course of study at Central High School and completed all the courses required for graduation, with the exception of R.O.T.C. in the spring of 1970. He was not allowed to graduate and has not received his diploma.

The plaintiff contends that the defendants have denied John the right to freely exercise his religious beliefs in violation of the First and Fourteenth Amendments and that there is no compelling State interest in requiring R.O.T.C. which justifies the infringement on John's right freely to exercise his religious beliefs.

The Court determined on motion prior to trial that the complaint did state a cause of action under § 1983.

The defendants do not contest the existence or the sincerity of John's religious beliefs. They do contend that by taking the R.O.T.C. course John would not have actually violated his religious beliefs. It is the defendants' theory that what John is objecting to is the possibility of future military service and not the training offered by the R.O.T.C. course. Further the defendants assert that John could have avoided the violation of his beliefs by attending another high school in Memphis or by partially participating in the R.O.T.C. program with the permission of school officials. Finally, the defendants contend that there is a compelling State interest

which would justify any infringement on John's right of free exercise and that to have granted John an exemption would have imposed an unreasonable hardship on the defendants.

If the defendants are to prevail in the present case the Court must find either that the defendants' action did not infringe upon John's constitutional right of free exercise or that any infringement on the exercise of John's religion is justified by a compelling State interest. Sherbert v. Verner, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963).

■ We find and conclude that the defendants' action did infringe on John's right of free exercise of religion. The preponderance of the evidence supports not only the sincerity of John's beliefs (which is really not questioned by defendants), but also that he objected to military training as well as military service, contrary to the defendants' contentions. In an affidavit supplied to the defendant Board John stated:

> "By reason of religious training and belief, I am conscientiously opposed to participation in war in any form and am opposed to being subjected to combat training for the purpose of being prepared to enter into war."

John's failure to receive his diploma was the direct result of his practice of his religious beliefs. The ruling of the Board of Education refusing his request for exemption from the R.O.T.C. course requirement forced John to choose between following his religious beliefs and forfeiting his diploma, on the one hand, and abandoning his religious beliefs and receiving his diploma, on the other hand. It is clear then that the action of the defendants has infringed upon John's constitutional right.

■ Moreover, it appears that John could not have reasonably avoided the consequences of this infringement of his constitutional right of free exercise by attending another school or by partially participating in the R.O.T.C. course. There is only one public school in the City of Memphis which has a physical education program for boys instead of a required R.O.T.C. program. That school is Tech High School, which offers instruction in a number of technical courses as well as some liberal arts courses. Central High does not offer instruction in as many technical courses as does Tech High but it does offer a wider selection of liberal arts courses. John intended to go to a liberal arts college upon graduation from high school. The proof shows that for those who intend to enter a liberal arts college, Central is generally preferred over Tech for preparatory education. It was further proved that Central High is only a few blocks from John's home whereas Tech High is a much greater distance away. Defendants' contention that John could have avoided the consequences by taking only part of the R.O.T.C. course and still have fulfilled the requirement is not well taken because there was uncontradicted proof that John was never informed of the option of taking only part of the R.O.T.C. course. Further, it appears that *any* participation in R.O.T.C. would have violated John's conscience.

■ We find and conclude that there is not a compelling State interest to justify the infringement on the free exercise of John's religion. The defendants contend that R.O.T.C. is an integral part of the school program at Central and that it is used to satisfy course requirements established by the State. The R.O.T.C. course is claimed to be valuable in developing leadership, teaching first aid, instilling respect for constituted authority and teaching the use of firearms. However, it appears that many public high schools in the State do not even offer R.O.T.C. and that physical education is the required course with R.O.T.C. permitted as a substitute. If the State authorities felt that there was some compelling interest in the program, then surely it would make R.O.T.C. a required course for all male students in all high schools. It is not contended by defendants that high school R.O.T.C. is of any value to the student if he later is called to bear arms for the country and indeed

defendant's proof is that it has little or no value for that purpose. Finally, the defendants contend that the school system has a compelling interest in not granting exemptions to R.O.T.C. training to conscientious objectors because it would be a hardship to make available an alternative physical education program and to decide which applicants were truly conscientious objectors. The proof does not show, however, that such would be a substantial hardship. Central could, for example, with its present facilities, easily set up a program of calisthenics for conscientious objectors, and a board to hear and determine applications for exemption from R.O.T.C. could easily be established. Based on common sense, we believe we can say that there would not be many applications in any case, particularly if the alternative was calisthenics.

While we believe, then, that plaintiff is entitled to a declaratory judgment to the effect that John's constitutional right to free exercise of religion was unjustifiably infringed and that he is now entitled to a diploma, we do not believe that an injunction should now issue.

John was admitted to college without a diploma and does not contend that his receipt of one is a matter of urgency. This means that even if defendants appeal the declaratory judgment to be entered herein, John will not be harmed by the delay. However, we will retain jurisdiction for the purpose of entering an injunction later if such should appear necessary.

We will not, in the exercise of our discretion, award plaintiff an attorney's fee since it cannot be said that defendants denied to John an obvious constitutional right; indeed, this appears to be a case of first impression. Defendants' conduct does not approach that of a bad faith infringement of a plain constitutional right.

It is therefore adjudged and declared that defendants wrongfully withheld from John W. Spence, Jr. a diploma from Central High School and that he is now entitled to such diploma.

It is further ordered that this Court will retain jurisdiction of this cause.