BETH VALENTINE, Appellee, v. INDEPENDENT SCHOOL DISTRICT OF CASEY et al., Appellants.

**SCHOOLS AND SCHOOL DISTRICTS:** Directors—Duty to Issue Di-
1 ploma. A school board is under *legal duty* to issue a diploma and a certificate of grades to a pupil who has, under its rules and regulations, completed the course of study prescribed for the school; and such duty may not be avoided by any arbitrary action on the part

of the board. So held where the refusal to issue the diploma was based on the pupil's refusal to obey an order by the board to the effect that the pupils must wear "caps and gowns" at the graduating exercises.

**MANDAMUS: When Writ Will Lie—Issuance of Diploma.** Mandamus
2 will lie to compel a school board to perform its legal duty to issue a diploma and a certification of grades to a pupil who has completed the course of study prescribed for the school, such legal duty admitting of no discretion on the part of the board, in the absence of a violation of some *reasonable* rule or regulation made by the board.

**SCHOOLS AND SCHOOL DISTRICTS: Directors—Appeal from Rul-**
3 ings. Principle reaffirmed that an appeal from the action of the board of directors in applying rules which involve discretionary power on the part of the board, must be *to the county superintendent.*

*Appeal from Guthrie District Court.*—H. S. DUGAN, Judge.

JUNE 25, 1921.

ACTION for a writ of mandate to compel the officers of the Independent School District of Casey, Iowa, to execute and deliver to the plaintiff a diploma certifying her graduation on May 30, 1918, from the Casey high school in said district, and to execute and deliver. to her a certified copy of her scholastic grades during her four years of attendance in said high school. Judgment was entered, granting the writ commanding the defendants to execute and deliver to the plaintiff a diploma, as evidence of her graduation, and to issue a certificate of her high. school grades. Defendants appeal.—*Affirmed.*

*A. M. Fagan* and *Lynch & Byers,* for appellants.

*C. E. Berry* and *Carl P. Knox,* for appellee.

DE GRAFF, J.—The evening of May 30, 1918, had been selected for the commencement exercises of the Casey high school, in the auditorium of the high-school building. The last chapter in the history of the class of 1918 was about

1. SCHOOLS AND SCHOOL DISTRICTS: directors: duty to issue diploma.

to be written, and the period placed at the end of the sentence of the high-school life of the prospective graduates. Six young girls, who

had finished the prescribed course of study with satisfactory grades, presented themselves for the honors of graduation, and it was the intent of the school officers by public ceremony to recognize the right of the members of the class to be graduated and have diplomas granted in due form. Had an incident not happened just a few moments before invocation was offered, no echo of the doings of this otherwise pleasant evening would have been heard in any court.

It appears that, under oral direction from the school board to the superintendent of the high school, the class was informed that caps and gowns should be worn on that auspicious occasion, and the same were furnished by the board. The caps were misfits, and were not worn. Objections were made by the class to the use of the gowns, by reason of the offensive odor emanating therefrom, due to a recent fumigation through the use of formaldehyde by the city health authorities. The members of the class at this time were in the anteroom, ready to take their places; but the edict of the superintendent, "Thou shalt not pass without wearing the gowns," proved a sufficient barrier to three of the girls, who were not permitted to occupy seats on the platform, and to whom diplomas were not granted. This incident was the *prima causa* for the denial of the rights and honors of graduation to the plaintiff and two of her classmates.

Other matters of a minor character are now urged by appellants as further and additional reasons and justification why the diplomas should not be granted, but we are not inclined to place any emphasis on this phase of the record. It clearly appears that these other acts and circumstances had no causal connection with the refusal of the board to grant diplomas in the first instance; and, had it not been for the gown incident, that focused so acutely at the last moment, plaintiff's diploma would have issued. Sufficient to state that no rule or regulation of the school board was violated or claimed to be violated by the plaintiff, unless her refusal to wear the odoriferous gown constituted a breach, concerning which we will comment presently.

Plaintiff had completed the prescribed four-year high-school course, and had received very satisfactory grades in all her studies. Her deportment was rated good. She was an exceptionally strong student, and was the valedictorian of her class.

In the light of this record, disclosing that all conditions precedent to graduation had been performed by plaintiff, has a court the authority and jurisdiction by mandate to compel the school board to grant her the diploma and to issue her a certificate of scholastic grades?

2. MANDAMUS: when writ will lie: issuance of diploma.

In the exercise of the special and peculiar duties of school officials under warrant of law, courts are slow to interpose or interfere, and ordinarily will not do so, except in cases in which manifest injustice is done, or a clear abuse of authority is shown. The general character of the school, its discipline, and the con-duct of its pupils as affecting the efficiency of the work done in the schoolroom, are matters to be taken into consideration by the school board in making rules for the government of the school. *Kinzer v. Directors of Ind. Sch. Dist.*, 129 Iowa 441; *Burdick v. Babcock*, 31 Iowa 562.

The function of all education is disciplinary, giving to the student such training in mind and body that, when he ceases to be the school citizen, he becomes, in a proper sense, the citizen of the state. Our public school is a state institution, and is subject to the exclusive control of the constitutional authorities of the state. The right to attend a public school is capable of enforcement at law, and the government of the school is subject to such limitations and prohibitions as may be defined by legislative enactment.

The fundamental question in this case involves the right of plaintiff to compel the school board by mandate of court to issue a diploma. This action is not within the purview of Section 4343 of the Code. Plaintiff's petition and the prayer thereof are for the writ, and nothing else. It is strictly and purely an action in mandamus, to compel the performance of an alleged legal duty. If the defendant school board had no legal duty to perform in the premises, then mandamus does not lie. Furthermore, if the act of the school board giving rise to the complaint herein involves the exercise of judgment and discretion on its part, mandamus is not the proper or appropriate remedy. Code Section 4341. Or, if plaintiff has any other remedy, in the ordinary course of law, which is plain, speedy, and adequate, that remedy must be adopted. Code Section 4344.

With these principles in mind, we approach the crux of the case. A school board is given authority to "make rules and regulations for its own government and that of the directors, officers, teachers and pupils." Section 2772, Code Supplement, 1913.

"The directors of such schools shall have full power and authority, pursuant to the adoption of such rules and regulations made and adopted by them, to suspend, or dismiss any pupil or pupils of such schools therefrom, or to prevent them, or any of them, from graduating or participating in school honors when, after investigation, in the judgment of such directors, or a majority of them, such pupil or pupils are guilty of violating * * * any rule, rules, or regulations adopted by such directors for the purpose of governing such schools." Section 2782-c, Code Supplement, 1913.

If a rule or regulation of the board is called into review, relating to a subject within their jurisdiction and involving a discretionary power, the remedy is by appeal to the county superintendent. Code Section 2818. This, however, does not exclude the power and jurisdiction of the court to determine whether the board has acted within the scope of its authority, as defined by statute.

3. SCHOOLS AND SCHOOL DISTRICTS: directors: appeal from rulings.

If the rule adopted is arbitrary and unreasonable and not within the powers conferred, a court will take jurisdiction of the matter. *Valentine v. Independent Sch. Dist.*, 187 Iowa 555, with cases cited.

In the instant case, there is no competent proof that the board formally adopted a rule or resolution relative to the wearing of caps and gowns by the graduating class of the Casey high school. Therefore, there was no rule to violate in this particular, It may be said, under the record, that there was a general understanding among the members of the board that caps and gowns should be worn, and that this fact was orally communicated to the superintendent of the high school.

Conceding appellant's contention that there was a rule formerly adopted, and effective at the time in question, we hold that such a rule is unreasonable and a nullity as a condition precedent to receive a diploma. The wearing of a cap and gown

on commencement night has no relation to educational values, the discipline of the school, scholastic grades, or intellectual advancement. Such a rule may be justified, in some instances, from the viewpoint of economy; but from a legal viewpoint, the board might as well attempt to direct the wearing of overalls by the boys and gingham dresses by the girls. The enforcement of such a rule is purely arbitrary, and especially so when the offending pupil has been passed for graduation, after the performance on her part of all prescribed educational requirements. We are not questioning the propriety of wearing caps and gowns. It is a custom we approve. The board may deny the right of a graduate to participate in the public ceremony of graduation unless a cap and gown is worn.

Finally, is the defendant school board under a legal duty to grant to plaintiff her diploma? A diploma is the written or printed evidence, indorsed by the proper authorities, that the person named thereon has completed a prescribed course of study in the school or institution named therein. A graduate is one who has honorably passed through a prescribed course of study and received a diploma certifying to that effect. A diploma, · therefore, is prima-facie evidence of educational worth, and is the goal of the matriculate.

The board having prescribed a curriculum of high-school study which was approved by the department of public instruction, the school became, under the law, an approved or accredited high school, giving to its graduates certain privileges in our higher state educational institutions. The issuance of a diploma by the school board to a person who satisfactorily completes the prescribed course of study, and who is otherwise qualified, is mandatory; and, although such duty is not expressly enjoined upon the board by statute, it does arise by necessary and reasonable implication.

Furthermore, the rules established by the board became the law for the government of the school; and since it had, in the instant case, prescribed an approved course of study, and had provided that the honors of graduation and a diploma should be conferred upon those who satisfactorily completed said course, a legal duty is enjoined upon the board, under its own rule, to issue a diploma to any pupil who has met the requirements, and

who has been passed by said board for the honors of graduation. The manual delivery of the diploma to the plaintiff is a purely ministerial act.

This plaintiff, having accepted the benefits of education tendered by the public-school system established in the Independent School District of Casey, and having complied with all the rules and regulations precedent to graduation, may not be denied her diploma by the arbitrary action of the school board, subsequent to her being made the recipient of the honors of graduation. It is also clear that plaintiff is entitled to a certificate of her grades. See *Valentine v. Independent Sch. Dist.*, supra.

In *Sweitzer v. Fisher*, 172 Iowa 266, the opinion states that our statute does not expressly enjoin upon a school board the duty of issuing a diploma. This is true; but we now hold, under the instant record, that this duty does arise by implication.

In the *Sweitzer* case, the board was under no legal duty to issue a diploma to the petitioner, since by official action, it had on its part determined and declared that the pupil had not received passing grades in the prescribed course of study. This action of the board involved judgment and discretion, and therefore, under the well-established rule, it was not subject to mandatory review. The instant case is clearly distinguishable.

Wherefore, the decree entered by the trial court is in all respects—*Affirmed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.