JOE C. FOWLER, SR. AND MRS. BETTY H. FOWLER v. HENRY WILLIAM-
SON, INDIVIDUALLY AND AS PRINCIPAL OF HICKORY HIGH SCHOOL; CHARLES
MASON, INDIVIDUALLY AND AS ASSISTANT PRINCIPAL OF HICKORY HIGH SCHOOL;
DR. JOSEPH WISHON, INDIVIDUALLY AND AS SUPERINTENDENT OF HICKORY
CITY SCHOOLS; BOARD OF EDUCATION OF THE HICKORY AD-
MINISTRATIVE SCHOOL UNIT; HAROLD K. POOVEY, INDIVIDUALLY; SAM
DULA, INDIVIDUALLY; GENE SMITH, INDIVIDUALLY; MRS. LOIS YOUNG, IN-
DIVIDUALLY; MRS. MARTHA KARSLAKE, INDIVIDUALLY; JAMES H. GAR-
RETT, INDIVIDUALLY; HAROLD K. POOVEY, SAM DULA, GENE SMITH,
MRS. LOIS YOUNG, MRS. MARTHA KARSLAKE, JAMES H. GARRETT
AND DR. DONALD G. HAYES, MEMBERS OF THE BOARD OF EDUCATION OF
THE HICKORY ADMINISTRATIVE SCHOOL UNIT

No. 7825SC172

(Filed 20 February 1979)

1. **Rules of Civil Procedure §§ 12, 56— motion treated as summary judgment mo-
tion**

    The Court of Appeals converted defendants' Rule 12(b)(6) motion to
dismiss into a Rule 56 motion for summary judgment by considering on appeal
the facts asserted in plaintiffs' brief in addition to the allegations of the com-
plaint.

2. **Schools § 13— failure of student to comply with dress code—exclusion from
graduation by principal**

    In an action to recover for mental and emotional distress allegedly
resulting from defendant school principal's action in excluding plaintiffs' son
from high school graduation ceremonies because he allegedly did not comply
with the dress code established by defendant principal which required male

graduates to wear "dress pants as opposed to jeans," defendants were entitled to summary judgment where plaintiffs' brief, which stated that their son wore "brushed denim pants" to the graduation ceremony, negated their allegation that defendant principal wrongfully claimed that their son was not properly attired.

APPEAL by plaintiffs from *Ferrell, Judge*. Orders entered 28 December 1977 in Superior Court, CATAWBA County. Heard in the Court of Appeals 29 November 1978.

It appears from the complaint that plaintiffs' son, Joe C. Fowler, Jr., was eligible to graduate and was scheduled to participate in the graduation ceremony of Hickory High School on 2 June 1977. Plaintiffs were present in the school auditorium for the graduation ceremony. The defendant Williamson, school principal, aided and abetted by defendant Mason, assistant, would not permit plaintiffs'· son to participate in the graduation ceremony, claiming that he was not properly attired.

Plaintiffs alleged that the named defendants acted intentionally, willfully and maliciously, causing plaintiffs to suffer public embarrassment and severe mental and emotional distress, which aggravated a pre-existing heart condition of the male plaintiff, and which were reasonably foreseeable by said defendants.

The plaintiffs appeal from orders dismissing the action pursuant to Rule 12(b)(6) motions made by all defendants.

*Isenhower and Long by Samuel H. Long III for plaintiff appellants.*

*A. Terry Wood and Patrick, Harper & Dixon by James T. Patrick for defendant appellees, Board of Education and Individual Board Members.*

*Golding, Crews, Meekins, Gordon & Gray by E. F. Parnell and Chambers, Stein, Ferguson and Becton by James C. Fuller, Jr. for defendant appellees, Williamson, Mason and Wishon.*

CLARK, Judge.

In granting the G.S. 1A-1, Rule 12(b)(6) motions of all defendants the trial court determined that plaintiffs failed to allege an actionable claim for mental and emotional distress resulting from defendant principal's action in excluding their son from the grad-

Fowler v. Williamson

uation ceremony. In considering a Rule 12(b)(6) motion all the allegations of the complaint are taken as true. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). The test is whether the pleading is legally sufficient. *Alltop v. J. C. Penney Co.*, 10 N.C. App. 692, 179 S.E. 2d 885, *cert. denied* 279 N.C. 348, 182 S.E. 2d 580 (1971).

[1] But we do not decide whether the trial court erred in granting the motions, because the plaintiffs have filed a brief setting forth many facts other than those alleged in the complaint. Statements of fact made in briefs, and legitimate inferences therefrom, may be assumed as true as against the party asserting them. 5 C.J.S., Appeal and Error § 1343-45. See *Garner v. Weston*, 263 N.C. 487, 139 S.E. 2d 642 (1965). In the interest of the prompt elimination of a factually unfounded claim, we elect to consider on appeal the facts asserted in plaintiffs' brief, in addition to the allegations of the complaint. Where extraneous matter is received and considered on a Rule 12(b)(6) motion to dismiss, the motion should then be treated as a motion for summary judgment and disposed of in the manner and on the conditions stated in G.S. 1A-1, Rule 56. *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971)

[2] Having converted defendants' Rule 12(b)(6) motion into a Rule 56 motion for summary judgment, the question on appeal is whether there is a genuine issue as to any material fact. Extraneous matter apart from the allegations of the complaint considered in determining this question consists of admitted facts in plaintiffs' "Statement of Facts" in their brief as follows:

"The Appellee Williamson, Principal of Hickory High School refused to allow the Appellants' son to participate in the ceremonies, removing the young man from the processional line a few minutes before the scheduled beginning of the ceremonies. The Appellee Williamson approached the Appellants' son, raised the gown he was wearing and informed the student that he was not properly attired according to a dress code for the ceremonies which had been promulgated by the Appellee Williamson. The code required that male graduates wear: 'Dress pants as opposed to jeans, shirts and ties; shoes and socks.' The graduation instructions also required that students attend a graduation practice on June 1,

1977, and an Awards Day ceremony on June 2 if they were to participate in the graduation ceremony the evening of June 2, 1977. The Appellants' son, under his graduation gown, wore a pair of brushed denim pants such as is commonly worn for dress occasions as part of a brushed denim suit and a pair of brown leather dress boots and socks, as well as a white dress shirt and solid dark tie; he had complied with the attendance requirements at the previous events. Several students who were allowed to graduate had not attended the previous events. Appellants' son was the only student not allowed to participate in the graduation ceremonies.

After being removed from the line of prospective graduates the Appellants' son returned home and changed clothes, but by the time he returned to the auditorium most of the graduates had entered the hall and the Appellee Mason, an Assistant Principal, refused to allow young Fowler to enter and take his place with his classmates.

Although the Appellants were not physicially present at the place where the Appellee removed their son from the line of graduates they were present in the Auditorium, and when the processional began, some ten to twelve minutes after the above-described incident, they immediately became aware that their son was not in the line of graduates. The Appellants sent their daughter to investigate their son's absence and upon learning the reason therefor became extremely emotionally distressed and upset."

It is clear from the statement of the facts that defendant school principal had adopted a dress code for the graduation ceremony which required that the male members of the graduating class, including plaintiffs' son, wear "dress pants as opposed to jeans."

The right to attend school and claim the benefits of the public school system is subject to lawful rules prescribed for the government thereof. The legislature has control over the public schools and may delegate the power to make rules to local administrative officers. *Coggins v. Board of Education,* 223 N.C. 763, 28 S.E. 2d 527 (1944). See G.S. 115-35 for delegation of powers and duties to local administrative units.

Local school boards and school officials have the implied right to adopt appropriate and reasonable rules and regulations

for the purpose of carrying out their powers and duties. G.S. 115-146 imposes upon principals and teachers the duty to maintain good order and discipline and may use reasonable force in so doing. This statute was held to be constitutional on its face in *Baker v. Owen*, 395 F. Supp. 294 (M.D.N.C. 1975), *aff'd* 423 U.S. 907, 46 L.Ed. 2d 137, 96 S.Ct. 210 (1975).

The principal of a local school may adopt reasonable rules and regulations in the exercise of his powers and duties concerning matters not provided for and not inconsistent with the rules provided by higher authority. 79 C.J.S., Schools and School Districts, § 494.

It has been established that a school may adopt a dress code and may exclude a student from participating in certain school programs, including graduation ceremonies, if the student does not comply with the dress code. *Hill v. Lewis*, 323 F. Supp. 55 (E.D. N.C. 1971); *Valentine v. Independent School District*, 191 Iowa 1100, 183 N.W. 434 (1921); *Christmas v. El Reno Board of Educ.*, 313 F. Supp. 618 (W.D. Okla. 1970), *aff'd* 449 F. 2d 153 (1971); *Corley v. Daunhauer*, 312 F. Supp. 811 (E.D. Ark. 1970).

The complaint alleges that the defendant school principal "wrongfully claimed and alleged that plaintiffs' son was not properly attired so as to be permitted to participate in said ceremonies. . . ." The complaint does not allege, but the stated facts establish, that there was a dress code for the graduation ceremony. There is no claim that the dress code was unreasonable or in violation of due process or any other right of plaintiffs or their son. The complaint does allege that the school principal *wrongfully* claimed that plaintiffs' son was not properly attired but this allegation is negated by the admitted facts in plaintiffs' brief.

The dress code required that plaintiffs' son wear "dress pants as opposed to jeans" for the graduation ceremony. The son wore, according to the stated facts, "a pair of brushed denim pants." Most words have recognized variations of meaning, but we are unable to find any authority in law or semantics which recognizes "denim pants," brushed or unbrushed, to mean "dress pants as opposed to jeans." Webster's Third New International Dictionary (1968) defines "jean" as "pants usually made of jean or denim and worn for work or sports", and defines "denim" as

"overalls or trousers usually of dark blue denim for work or rough use." Admittedly these definitions have been somewhat eroded by the widespread wear of denim jeans during the last decade by young people for purposes other than work or sports, but they have yet to achieve the status of "dress pants as opposed to jeans," which are commonly worn to formal or ceremonial functions.

We find that defendant Williamson, as principal of Hickory High School, established a lawful and valid dress code for eligible graduates participating in the graduation ceremony. Neither his right to do so nor the legality of the dress code as adopted is attacked by the complaint. The plaintiffs' son appeared for the graduation ceremony attired in violation of the code in that he did not wear dress pants as required but instead wore denim jeans. The defendant principal had the legal right to exclude plaintiffs' son from the graduation ceremony for violation of the dress code, and in doing so he did not *wrongfully* claim that the son was not properly attired, as alleged in the complaint. The discretion of a school principal should not be unduly restricted in determining the violation of a rule or regulation.

The exercise of a legal right cannot constitute a tort even if there is a wrongful intent. *Childress v. Abeles*, 240 N.C. 667, 84 S.E. 2d 176 (1954), *petition for rehearing dismissed* 242 N.C. 123, 86 S.E. 2d 916 (1955); *Evans v. Morrow*, 234 N.C. 600, 68 S.E. 2d 258 (1951).

We note that plaintiffs' claim is based on the allegation of tortious conduct by defendant Williamson, the school principal, in excluding plaintiffs' son from the graduation ceremony when the son first appeared in brushed denim pants, and not in excluding him when he, after changing to dress pants, reappeared as the ceremony was in progress.

We conclude that the facts admitted by the plaintiffs in their brief negate the allegations of the complaint that the defendant school principal acted wrongfully in excluding plaintiffs' son from the graduation ceremony, and since the admitted facts establish a factually unfounded claim without a genuine issue of fact this action should be summarily and finally determined by this Court.

---

---

In electing to consider the facts admitted in plaintiffs' brief, we do not infer that the complaint states a cause of action. We do not find it necessary in this case to determine whether plaintiffs could recover for emotional distress as a result of intentional wrong to their son when they were not present at the time the act occurred.

Finally, it is noted that plaintiffs' son sued the defendants under a civil right statute seeking compensatory damages in the United States District Court. The action was dismissed for failure to state a claim. *Fowler v. Williamson*, 448 F. Supp. 497 (W.D. N.C. 1978).

The orders dismissing the action pursuant to Rule 12(b)(6) as to all defendants are vacated, and this cause is remanded for entry of summary judgment against plaintiffs in favor of all defendants.

Reversed and remanded.

Judges MITCHELL and WEBB concur.