ARTHUR VANN, III v. NORTH CAROLINA STATE BAR

No. 8510SC762

(Filed 4 February 1986)

**Judgments § 35— reinstating license to practice law—prior adjudication of issues**

In plaintiff's action for a declaratory judgment reinstating his license to practice law, defendant was entitled to summary judgment based on the doctrine of estoppel by judgment since the status of plaintiff's license as an attorney was at issue and was finally adjudicated in earlier proceedings before the State Bar and the Bar Council, plaintiff did not appeal the Bar's order of disbarment, and that judgment was conclusive as to those matters which were at issue and determined in those proceedings.

Vann v. N. C. State Bar

APPEAL by plaintiff from *Hobgood, Judge*. Judgment entered 6 June 1985 in WAKE County Superior Court. Heard in the Court of Appeals 14 January 1986.

Plaintiff filed an action seeking a declaratory judgment reinstating his license to practice law. In his complaint, plaintiff alleged that on or about 27 September 1978 he tendered his license to practice law to respondent for disciplinary action. No criminal charges were pending against plaintiff at that time; however, on 20 November 1978, criminal charges were instituted against him. On 8 February 1979, plaintiff pled guilty to eleven felony charges of forgery pursuant to a plea bargain and was sentenced to a three-year term of imprisonment. The sentence was suspended and plaintiff was placed on probation for three years on the condition, *inter alia*, that he not practice law during the period of probation. Plaintiff alleged that once the superior court acted under its inherent authority to discipline him, respondent could not impose additional penalties against him for the same conduct and therefore lacked the authority to disbar him. Plaintiff sought to have his law license returned to him as of the termination of his probationary sentence on 8 February 1982.

Respondent moved to dismiss the complaint under N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) of the Rules of Civil Procedure on the ground the trial court lacked jurisdiction over the subject matter. Respondent alleged that after plaintiff tendered his license to it, a special committee was appointed to recommend appropriate action to the State Bar Council. The special committee met on 9 March 1979 to consider appropriate action. Plaintiff attended that meeting and participated in it without challenge to the jurisdiction of the State Bar Council to act on his surrender of his license. The special committee recommended plaintiff's disbarment. Plaintiff subsequently wrote the president of the State Bar acknowledging receipt of the special committee's recommendation, waiving his right to appear before the Council and accepting the report of the special committee as being fair and just. By order dated 24 April 1979, plaintiff was disbarred. Plaintiff did not appeal from that order. Respondent also moved to dismiss plaintiff's complaint under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) of the Rules of Civil Procedure, for failure to state a claim upon which relief could be granted.

Respondent supported its motions to dismiss with the affidavit of B. E. James, its secretary. In his affidavit, James stated in substance that, as a result of plaintiff's tendering his license to respondent and of the special committee's investigation, plaintiff was disbarred by the State Bar Council by order entered 24 April 1979 and that no appeal was taken from the order of disbarment. James attached as exhibits to his affidavit a copy of the affidavit by which plaintiff tendered his license, the probation judgment entered upon plaintiff's plea of guilty to the forgery charges, the report of the special committee, plaintiff's letter to the president of the State Bar in response to the special committee's report and the order disbarring plaintiff.

By order entered 6 June 1985, the trial court allowed both of respondent's motions and dismissed plaintiff's complaint. From that order, plaintiff appealed.

*Arthur Vann, III, pro se.*

*A. Root Edmonson for defendant.*

WELLS, Judge.

Before addressing the merits of plaintiff's appeal, we must first determine the posture of this case on appeal. N.C. Gen. Stat. § 1A-1, Rule 12(b) of the Rules of Civil Procedure provides that, if on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion should be treated as one for summary judgment and disposed of as provided in N.C. Gen. Stat. § 1A-1, Rule 56 of the Rules of Civil Procedure. *See also DeArmon v. B. Mears Corp.,* 312 N.C. 749, 325 S.E. 2d 223 (1985); *Smith v. Insurance Co.,* 43 N.C. App. 269, 258 S.E. 2d 864 (1979); *Fowler v. Williamson,* 39 N.C. App. 715, 251 S.E. 2d 889 (1979). It is clear from the record on appeal in this case that extensive materials outside the complaint in support of respondent's motions to dismiss were presented to and considered by the trial court. We must also consider these materials in our disposition of plaintiff's appeal. *See Fowler, supra.* We therefore treat the trial court's order as entry of summary judgment for respondent and review it as such. *See DeArmon, supra* and *Smith, supra.*

Summary judgment is appropriate when the pleadings and affidavits on file show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c) of the Rules of Civil Procedure. We conclude that the forecast of evidence before the trial court established that there was no genuine issue of material fact and that respondent was entitled to judgment as a matter of law based on the doctrine of estoppel by judgment.

The doctrine of estoppel by judgment is firmly entrenched in the law of this State. *See, e.g., Brondum v. Cox*, 292 N.C. 192, 232 S.E. 2d 687 (1977); *King v. Grindstaff*, 284 N.C. 348, 200 S.E. 2d 799 (1973); *Masters v. Dunstan*, 256 N.C. 520, 124 S.E. 2d 574 (1962); *Bryant v. Shields*, 220 N.C. 628, 18 S.E. 2d 157 (1942). Although the doctrine has been stated in a number of different ways, our Supreme Court in *Bryant v. Shields, supra*, stated it quite succinctly:

> It is fundamental that a final judgment, rendered on the merits, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to parties and privies, in all other actions involving the same matter.

Pertinent sections of Article 4 of Chapter 84 of our General Statutes, *see* N.C. Gen. Stat. § 84-15 *et seq.* (1985), grant to the North Carolina State Bar and the Bar Council jurisdiction and authority to discipline licensed attorneys, including the authority to issue orders of disbarment. It is clear from the record before us that the status of plaintiff's license as an attorney was at issue and was finally adjudicated in the proceedings before the State Bar and the Bar Council. Plaintiff did not appeal the Bar's order of disbarment. Thus, that judgment is conclusive as to those matters which were at issue and determined in those proceedings. *See King v. Grindstaff, supra* and *Bryant v. Shields, supra*. It is also clear from the record that plaintiff is attempting in the present action to relitigate the identical issue considered and finally determined in the proceedings before the State Bar. We hold that he is estopped to do so by the judgment entered in the State Bar proceedings and therefore respondent was entitled to summary judgment in this action.

Accordingly, the judgment of the trial court dismissing plaintiff's action is

Affirmed.

Judges ARNOLD and WEBB concur.