Baker v. Bowden, 2016 NCBC 85.

STATE OF NORTH CAROLINA

STOKES COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16 CVS 235

ROBERT LEE BAKER d/b/a THE
LAWNMOWER MEDIC,

        Plaintiff,

      v.

TIMOTHY M. BOWDEN d/b/a
MOBILE LAWNMOWER MEDIC,
and T.M. BOWDEN, INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

**ORDER AND OPINION ON
DEFENDANTS' MOTION TO DISMISS
AND MOTION FOR SUMMARY
JUDGMENT AND PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

1.    **THIS MATTER** is before the Court on the following motions: (1) Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) ("Defendants' Motion to Dismiss"); (2) Defendants' Motion for Summary Judgment Pursuant to Rule 56 ("Defendants' Motion for Summary Judgment"); and (3) Plaintiff's Motion for Summary Judgment Pursuant to Rule 56 ("Plaintiff's Motion for Summary Judgment") (collectively, the "Motions"). For the reasons set forth below, the Motions are hereby **DENIED**.

*Norman L. Sloan for Plaintiff.*

*Manning, Fulton & Skinner, P.A., by David Harlow and J. Whitfield Gibson, for Defendants.*

Robinson, Judge.

## I.    PROCEDURAL HISTORY

2.    The Court sets forth here only those portions of the procedural history relevant to its determination of the Motions.

3. Plaintiff commenced this action on April 11, 2016 by filing his Complaint.

4. On April 18, 2016, this case was designated a mandatory complex business case, and on April 19, 2016, this case was assigned to the Honorable James L. Gale. This case was later reassigned to the undersigned by order dated July 5, 2016.

5. On June 27, 2016, Defendants filed Defendants' Motion to Dismiss and Motion for Summary Judgment and their brief in support of those motions.

6. On August 25, 2016, Plaintiff filed his brief in opposition to Defendants' Motion to Dismiss. Also on August 25, 2016, Plaintiff filed Plaintiff's Motion for Summary Judgment and brief in support of such motion and in opposition to Defendants' Motion for Summary Judgment.

7. On September 28, 2016, Defendants filed their reply brief in support of Defendants' Motion to Dismiss and Motion for Summary Judgment.

8. On October 18, 2016, Defendants filed their brief in opposition to Plaintiff's Motion for Summary Judgment.

9. On October 26, 2016, Plaintiff filed his reply brief in support of Plaintiff's Motion for Summary Judgment.

10. The Motions came on for hearing on November 7, 2016, and are now ripe for resolution.

## II. FACTUAL BACKGROUND

11. Plaintiff has continuously operated a lawnmower and small engine repair business under the name "THE LAWNMOWER MEDIC" (the "Mark" or "Plaintiff's Mark") since March 1, 1992. (Compl. ¶ 5.) Plaintiff's services include repairs and

mobile repairs of "lawnmowers, lawn and garden equipment, tillers, log splitters, generators, go-carts, construction equipment, commercial equipment, pressure washers, and other small engines." (Compl. ¶ 6.)

12. In addition to the Mark, Plaintiff uses a red cross placed over a white medic's bag as a logo. (Compl. ¶ 16.) Plaintiff uses, advertises, and publicizes the Mark in North Carolina as well as areas outside of North Carolina, and the Mark appears on the internet in connection with Plaintiff's business. (Compl. ¶¶ 11, 13.) Plaintiff has advertised through a variety of different media, and as a result, Plaintiff alleges that the Mark has acquired significant value and become a distinctive, well-known identification of Plaintiff's business. (Compl. ¶¶ 18–19.)

13. Plaintiff's principal place of business is in Stokes County, however, Plaintiff alleges that he also operates his business using the Mark in the counties of Alamance, Montgomery, Davidson, Forsyth, Surry, Yadkin, Iredell, Wilkes, and Guilford. (Compl. ¶¶ 4, 12.) Plaintiff states that he has not serviced a customer in Alamance County since 2003. (Pl.'s Resps. to Defs.' Interrogs. and Req. for Produc. Docs. 2.) Plaintiff alleges that he has continuously and significantly expanded his business activity since it first began in 1992, and that he has plans for future expansion, which include franchising. (Compl. ¶¶ 23, 25.)

14. On July 9, 2015, Plaintiff registered the Mark with the North Carolina Department of the Secretary of State. (Compl. ¶ 9.)

15. Since 2003, Defendant Timothy M. Bowden ("Bowden") has operated a business that offers similar lawnmower repair services to Plaintiff's business under the name "Mobile Lawnmower Medic" (the "MLM Mark"). (Compl. ¶ 26.)

16. Plaintiff alleges that Bowden does business in Alamance County and other counties in North Carolina. (Compl. ¶ 3.) Bowden states that he operates his business in the Triangle area, including the counties of Wake, Durham, Chatham, Orange, Harnett, Franklin, and Johnston. (Dep. Bowden 26:2–26:4.) Bowden states that he has serviced a customer in Alamance County, specifically Mebane, North Carolina, but that he will not go any farther west than Mebane. (Dep. Bowden 26:23–27:4.)

17. Plaintiff alleges that his common law rights in the Mark were established before the date Bowden first used the MLM Mark, and that he therefore has priority of use in the Mark. (Compl. ¶¶ 20, 32.) Despite Plaintiff's priority, Plaintiff alleges that Bowden advertises and offers identical or similar services using the MLM Mark, which is confusingly similar to Plaintiff's Mark. (Compl. ¶ 33.)

18. In support of Plaintiff's contention that Bowden's use of the MLM Mark creates a likelihood of confusion and infringes on Plaintiff's Mark, Plaintiff submitted affidavits of five of Plaintiff's customers stating they were confused by the relationship between Bowden's business and Plaintiff's business. (Aff. Orlando Peterson ¶ 7; Aff. Dale Shrewsbury ¶ 8; Aff. Terry Lee Gibbs ¶¶ 3–4; Aff. Dan Ashe ¶ 6; Aff. Gloria Elizabeth Bailey ¶ 8.)

19. As a result, Plaintiff alleges that he has been, and will continue to be, damaged by Bowden's use of the MLM Mark and asserts the following claims for relief: (1) trademark infringement in violation of 15 U.S.C. § 1114(1) (2016) (Compl. ¶ 44); (2) trademark infringement in violation of N.C. Gen. Stat. § 80-11 (2015) (Compl. ¶ 53); (3) trade dress infringement in violation of the North Carolina Trademark Registration Act (Compl. ¶ 60); (4) unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) (Compl. ¶¶ 68–69); (5) unfair competition and deceptive trade practices in violation of the North Carolina Unfair and Deceptive Trade Practices Act (Compl. ¶ 76); and (6) unfair competition under North Carolina common law (Compl. ¶ 85).

### III. LEGAL STANDARD

#### A. Rule 12(b)(6)

20. In ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)"), the Court reviews the allegations of the Complaint in the light most favorable to Plaintiff. The Court's inquiry is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Harris v. NCNB Nat'l Bank of N.C.*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). The Court construes the Complaint liberally and accepts all allegations as true. *Laster v. Francis*, 199 N.C. App. 572, 577, 681 S.E.2d 858, 862 (2009).

21. Where the pleading refers to and depends on certain documents, the Court may consider those documents without converting the motion into one for summary

judgment under Rule 56. *See Schlieper v. Johnson*, 195 N.C. App. 257, 261, 672 S.E.2d 548, 551 (2009). At the same time, the Court may not consider materials that are not mentioned, contained, or attached in or to the pleading; otherwise, a Rule 12(b)(6) motion will be converted into a Rule 56 motion and subject to its standards of consideration and review. *Fowler v. Williamson*, 39 N.C. App. 715, 717, 251 S.E.2d 889, 890–91 (1979).

22. Dismissal of a claim pursuant to Rule 12(b)(6) is proper "(1) when the complaint on its face reveals that no law supports [the] claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; [or] (3) when some fact disclosed in the complaint necessarily defeats the . . . claim." *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985); *see also Jackson v. Bumgardner*, 318 N.C. 172, 175, 347 S.E.2d 743, 745 (1986). Otherwise, "a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E.2d 161, 166 (1970) (emphasis omitted).

B.   Rule 56

23. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). In considering a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707

(2001). The moving party has the burden of showing that no genuine issue of material fact exists. *Id.*

## IV.   ANALYSIS

### A.   Defendants' Motion to Dismiss

24. Defendants' Motion to Dismiss seeks dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Defendants' basis for the motion is that Plaintiff has failed to allege that Defendants use the MLM Mark in an area where Plaintiff uses his Mark. (Br. Supp. Mot. to Dismiss and Mot. for Summ. J. 1–2.)

25. Defendants briefed their Motion to Dismiss and Motion for Summary Judgment together, and their briefs point to numerous matters outside the Complaint in support of their motions. Nonetheless, limiting its consideration to the Complaint and taking the allegations of the Complaint as true, the Court concludes that Plaintiff sufficiently alleges that Defendants use the MLM Mark in an area where Plaintiff uses his Mark. Plaintiff alleges that he operates his business using the Mark in Alamance County, and that Bowden also operates his business using the MLM Mark in Alamance County. Therefore, Defendants' Motion to Dismiss must be denied.

### B.   Motions for Summary Judgment

26. To establish a claim for trademark infringement under both 15 U.S.C. § 1114(1) and N.C. Gen. Stat. § 80-11, plaintiff must show that: (1) he has a valid, protectible trademark in the area it seeks to enjoin defendant, the junior user; and (2) defendant's use of a colorable imitation of plaintiff's protectible mark is likely to

cause confusion among consumers. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 930 (4th Cir. 1995); *Windsor Jewelers, Inc. v. Windsor Fine Jewelers, LLC*, 2009 NCBC LEXIS 19, at \*14–15 (N.C. Super. Ct. Feb. 16, 2009).

27. As to the first element, the trademark rights to an unregistered mark at common law extend only to areas where the mark was actually used and the area of probable expansion. *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 269–70 (4th Cir. 2003); *Spartan Food Sys., Inc. v. HFS Corp.*, 813 F.2d 1279, 1282 (4th Cir. 1987). The determination of the market area is a fact-based inquiry that usually involves expert testimony. *See Emergency One, Inc.*, 332 F.3d at 270 (noting that the trademark holder "has not directed [the court] to any facts it presented to the district court to establish the extent of its use of the mark" and concluding "that there is an insufficient factual basis to support the nationwide scope of the injunction"); *Windsor Jewelers, Inc.*, 2009 NCBC LEXIS 19, at \*22–27 (discussing the senior user's and junior user's volume of sales over a fifteen-year period and comparing those numbers to average sales in the area).

28. Courts use one of two tests to determine the area of use: the market penetration test, or the zone of natural expansion test. *Spartan Food Sys., Inc.*, 813 F.2d at 1283. Under the market penetration test, courts consider: "(1) the volume of sales of the trademarked product; (2) the growth trends in the area; (3) the number of persons actually purchasing the product in relation to the potential number of customers; and (4) the amount of product advertising in the area." *Id.* (internal quotations omitted). Under the zone of natural expansion test, courts consider: "(1)

previous business activity; (2) previous expansion or lack thereof; (3) dominance of contiguous areas; (4) presently-planned expansion; and, where applicable (5) possible market penetration by means of products brought in from other areas." *Id.* (internal quotations omitted).

29. Once a court determines the relevant market under the first element, a court must determine whether defendant's use of an imitating mark is likely to cause confusion. Whether a likelihood of confusion exists "is an inherently factual issue that depends on the facts and circumstances in each case." *Lone Star Steakhouse & Saloon, Inc.*, 43 F.3d at 933 (citation omitted) (internal quotations omitted). To determine whether a likelihood of confusion exists, courts consider:

> (1) the strength or distinctiveness of the mark; (2) the similarity of the two marks; (3) the similarity of the goods and services that the marks identify; (4) the similarity of the facilities that the two parties use in their businesses; (5) the similarity of the advertising the two parties use; (6) the defendant's intent; and (7) actual confusion.

*Id.*

30. Here, Defendants move for summary judgment on the ground that there are no facts showing that Plaintiff's use of the Mark was senior in the counties of Orange, Durham, and Wake, where Defendants have operated and used the MLM Mark since 2003. Defendants argue that the relevant market for Plaintiff's Mark is the Triad area, and that Defendants operate and use the MLM Mark in the Triangle area, a separate market in which Defendants contend the MLM Mark is senior to Plaintiff's Mark. In support of this contention, Defendants point to the facts that Plaintiff travels no farther east than Burlington, Alamance County, North Carolina,

Plaintiff has not serviced a customer in Alamance County since 2003, and Defendants travel no farther west than Mebane, Alamance County, North Carolina.

31. On the other hand, Plaintiff moves for summary judgment on the grounds that, under the zone of natural expansion test, the relevant market is the state, and a likelihood of confusion exists between the MLM Mark and Plaintiff's Mark. In support of his contention that the relevant market is the entire state, Plaintiff points to the facts that he began his business in one county and expanded to several counties in North Carolina, as well as areas outside of North Carolina, and has plans to further expand, which plans include entering into franchising relationships with third parties who will be authorized to use Plaintiff's Mark.

32. As discussed above, the determination of the relevant market, under either test, is a fact-based inquiry that involves weighing numerous factors. The parties have come forward with essentially no objective evidence to aid the Court in coming to a reasoned conclusion on those factors. Therefore, a genuine issue of material fact exists as to the area of use under the first element of Plaintiff's trademark infringement claims, and the Court is unable, on the evidence before it, to determine the relevant market for Plaintiff's Mark.

33. Further, because whether a likelihood of confusion exists is an inherently factual issue, and there is a lack of objective evidence in the record before the Court pertaining to the factors courts consider in determining the likelihood of confusion, the Court similarly concludes that a genuine issue of material fact exists as to whether Defendants' use of the MLM Mark is likely to cause confusion.

## V. CONCLUSION

34. In light of the foregoing, Defendants' Motion to Dismiss, Defendants' Motion for Summary Judgment, and Plaintiff's Motion for Summary Judgment are hereby **DENIED**.

**SO ORDERED**, this the 10th day of November, 2016.

/s/ Michael L. Robinson

Michael L. Robinson
Special Superior Court Judge
  for Complex Business Cases