19441

Michael BRUCE and Jerry Bruce, by their guardian ad litem, Dean Bruce, for and on behalf of these minors and all others similarly situated, Respondents, v. SOUTH CAROLINA HIGH SCHOOL LEAGUE et al., Appellants.

(189 S. E. (2d) 817)

*Messrs. Frank L. Taylor,* and *Frank L. Taylor, Jr.,* of Columbia, *for Appellants,*

548

*Leo H. Hill, Esq.,* of *Hill, James, Long, Fore & Wyatt,* and *Rhoten Shetley,* of Greenville, *for Respondents,*

*Messrs. Lehman A. Moseley, Jr.,* and *C. Kennon Robertson,* of Greenville, *Amicus Curiae,*

June 14, 1972.

LEWIS, Justice:

This is an appeal from an order of the lower court restraining the enforcement of a rule of appellant, South Carolina High School League, under which the respondent students were declared ineligible to participate in interscholastic athletics at Blue Ridge High School, in Greeenville County, South Carolina. The material facts were stipulated.

Appellant, South Carolina High School League, is a voluntary organization comprised of all public high schools, including Blue Ridge High School, and some of the private schools, in South Carolina. It had 340 members at the beginning of the 1969-1970 school year, with the League's activities offered to over 150,000 students. The governing body of the League is its Executive Committee, with legislative power vested in a Legislative Assembly. Membership in both of these governing bodies is composed largely, if not entirely, of high school superintendents, principals or administrators of the member schools. The purpose of the League is set forth in Article II, Section 1, of its Constitution:

"The purpose of the League, a voluntary organization, is to formulate and maintain policies that will safeguard the educational values of interscholastic competition, to cultivate high ideals of sportsmanship, to develop and direct a program which will promote, protect and conserve the health and physical welfare of all participants, and to promote unformity of standards in all interscholastic competition."

The rules of the League regulate interscholastic contests among its members, and deal at some length with the eligibility of students to engage therein. Article 8, Section 8, of the Constitution of the League governs the eligibility of a student when he transfers from one school to another. Pertinent here, Section 8(B) provides that a student who has the option of attending more than one high school and who voluntarily transfers from one school to another without a bona fide change of residence will be ineligible to participate in interscholastic athletics for one year.

The purpose of the foregoing rule is to prevent the encouragement and enticement of athletes to transfer from one school to another. However, in its application, the rule provides for no exceptions or qualifications. If a student transfers from one school to another, without a *bona fide* change of residence, he is automatically declared ineligible to engage in interscholastic athletics for a period of one year, regardless of the motives which prompted the transfer.

Respondents are high school students and voluntarily transferred, with no change of residence, from a private school which they were attending, to Blue Ridge High School, their neighborhood public school. They desired to play interscholastic football for Blue Ridge High School but were declared ineligible to do so because of the foregoing rule of the League, which made them ineligible to participate in interscholastic athletics for a period of one year.

It is conceded that the transfer of respondents from the private to the public school was purely voluntary and not the result of recruiting or enticement for athletic purposes.

The issues to be decided concern the right of the High School League to enforce the foregoing "eligibility" rule against respondents. Respondents seek to enjoin the enforcement of the rule against them upon the ground that it deprives them of due process and the equal protection of the laws, in that it arbitrarily deprives them of their right to participate in interscholastic athletics at Blue Ridge High School. This contention is based upon the premise that interscholastic athletics is a "fundamental segment of the educational process of our public schools" and that their right to participate therein is commensurate with their right to participate in the regular classroom curriculum.

The League maintains, on the other hand, that participation in high school interscholastic athletics is a mere privilege and not a right; that the rule in question is not arbitrary; and that the courts are without jurisdiction to enjoin its enforcement.

The principles governing our approach to the issues are thus stated in 6 Am. Jur. (2d), Associations and Clubs, Section 27:

"It is well established that courts will not interfere with the internal affairs of voluntary associations, except in such cases as fraud, lack of jurisdiction, or the invasion of property or pecuniary rights or interests. The decisions of the tribunals of an association with respect to its internal affairs will, in the absence of mistake, fraud, illegality, collusion, or arbitrariness, be accepted by the courts as conclusive."

The rule in question does not infringe upon any constitutionally guaranteed right of respondents. Interscholastic athletics form a part of the extracurricular activities of the school and, as such, are promoted under the discretionary powers of the various boards or schools. They are not a part of the regular school curriculum and it is generally held that participation in such activities is a privilege which may be claimed by students only in accordance with the eligibility

standards prescribed for participation. *Starkey v. Board of Education of Davis County School District,* 14 Utah (2d) 227, 381 P. (2d) 718; *State ex rel. Indiana High School Athletic Ass'n v. Lawrence Circuit Court,* 240 Ind. 114, 162 N. E. (2d) 250; *Morrison v. Roberts,* 183 Okl. 359, 82 P. (2d) 1023.

Respondents therefore may not force their participation in interscholastic athletics at Blue Ridge High School upon the basis that they have a constitutionally protected right to do so.

Respondents further charge that the rule is arbitrary in its application to them, because it was adopted to prevent the recruiting of athletes and no provision is made for review in individual cases, so as to grant relief from its provisions where, as in this case, the transfer is voluntarily made without the prohibited element of inducement.

We are here concerned with the enforcement of a rule adopted by members of a voluntary association to govern competition among themselves in athletic events. The rule, to which the members agreed to be bound, clearly makes students, such as respondents, who transfer from one school to another without a bona fide change of residence ineligible to engage in interscholastic athletics for a period of one year. There are no exceptions or qualifications, nor is any discretion vested in League officials in its application. It applies to all schools and students alike.

In contending that, since they were not recruited and the rule was designed to prevent recruiting, it should not apply to them. Respondents confuse the reasons which prompted the adoption of the rule with the method adopted to accomplish the desired goal. Prohibitive administrative difficulties, as well as others, resulting from a determination in each case of the reason prompting the transfer could have properly influenced the member schools to decide that the best method to accomplish the elimination of the evil of recruiting was to bind themselves to adherence to a rule without ex-

ceptions or qualifications. The merits of such a rule or the wisdom of its adoption are not for the courts to determine.

The action of the League in declaring respondents ineligible to participate in interscholastic athletics was not arbitrary. The action taken was strictly in accord with the lawfully adopted rules of the League, by which all members agreed to be bound.

It appears that the rules of the League have been uniformly applied to all member schools and transfer students, except in those cases where students have been required to change schools as the result of orders of the Federal Courts. In those cases, the eligibility rules have not been enforced. Respondents contend that the enforcement of the transfer rule as to them, and not to those students who change schools under court order, is discriminatory and denies to them equal protection of the laws.

The fact that the rule has not been applied to students who are forced by law to transfer from one school to another does not establish discrimination. Those who transferred because of court orders were forced to do so because the law determined which public school they must attend. In this case, respondents voluntarily changed schools. The rule simply has no application to those who are forced by law to transfer. The record shows that the rule has been uniformly applied to all schools and students to which it could lawfully apply.

The lower court was therefore in error in restraining the South Carolina High School League from enforcing the eligibility rule in question against the respondents.

The judgment of the lower court is accordingly reversed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.