ON APPLICATION FOR REHEARING
This Court's opinion of March 30, 1990, is withdrawn and the following is substituted therefor:
On December 22, 1988, John Scaffidi, a minor, acting by and through his father and next friend, Fred Scaffidi, sued the Alabama High School Athletic Association ("AHSAA"), Herman L. Scott, executive director of the AHSAA, and Jimmie L. Cal, associate executive director of the AHSAA, requesting injunctive relief.
During the 1987-88 school year, John was a student in the ninth grade at McGill-Toolen School, a private/parochial school in Mobile. At that time, his family's house was located in the Baker public school district. However, during that school year, a federal court order in a school desegregation case redrew school lines; under the new order, John's house was in the Davidson public school district. After learning about the modification of the districts, John and his parents decided that he should attend Davidson School, and he transferred from McGill-Toolen to Davidson. His transfer was purely voluntary and was not the result of athletic recruiting.
As a result of the federal court order moving some students from the Baker school district to the Davidson school district, the AHSAA determined that those students who had attended Baker in the 1987-88 school year and were rezoned to Davidson would not lose their athletic eligibility upon a transfer to Davidson.
Before the commencement of the 1988-89 school year, the principal of Davidson requested an eligibility ruling concerning John's eligibility status from Herman L. Scott, the executive director of the AHSAA. Scott's ruling denied John athletic eligibility for one year after his transfer to Davidson, because he had voluntarily transferred from aprivate school serving the entire City of Mobile to a public school in the City of Mobile and had not transferred *Page 911 
as the result of the rezoning of the public school districts. Scott's ruling was appealed to the AHSAA's First District Board. The First District Board held a hearing and upheld Scott's ruling. That ruling was then appealed to the Central Board of Control of the AHSAA. The Central Board held a hearing and likewise ruled that John was ineligible to participate in interscholastic athletics at Davidson for one year.
After exhausting all of his administrative remedies, John filed his complaint for injunctive relief. He sought an order enjoining the defendants from enforcing the ineligibility ruling. He argued that his change of public school districts from Baker to Davidson fell within Rule 1, Section 11, Exception 3, of the AHSAA 1988-89 Handbook, and that the AHSAA had arbitrarily failed to consider the applicability of this exception in his case when making its ruling.
The AHSAA, a voluntary organization comprised of 656 public and private schools, regulates the athletic eligibility of 73,000 students. Pursuant to the regulation purposes of the AHSAA, its members have developed by-laws, rules, and regulations. These rules and regulations are published annually in the Handbook. The transfer rule found in Section 11 of theHandbook reads as follows:
 "Section 11. Transfer rule: No student who enrolls in one high school and later transfers to, or enrolls in, another high school shall be eligible to represent the latter school in any athletic contest."
The two exceptions to the transfer rule are:
 "Exception 2. Any pupil, after completing one year's attendance in high school and fulfilling all other requirements, becomes eligible.
 "Exception 3. BONA FIDE MOVE: A pupil whose parents make a bona fide move from one community, school zone or district to another may transfer all his/her rights and privileges to his/her new school residence or closest accredited high school."
The handbook also contains certain "Notes and Cases" with reference to the transfer rule:
 "Private and/or parochial school zone lines for eligibility purposes will be limited to the municipality in which the school zone is located. If the school is not located within a municipality, the school zone line will be the county in which it is located."
After a hearing, the trial court issued an order enjoining the defendants from denying John's immediate eligibility. The trial court's order stated in part:
 "Plaintiff attended McGill-Toolen, a private high school in the City of Mobile, during the 1987-88 school year. Plaintiff's residence, which had been unchanged at all times pertinent hereto, was in the public school attendance zone served by Baker High School in 1987-88 and previously. Effective with the beginning of the 1988-89 school year, the Board of School Commissioners of Mobile County, with the advice and consent of the United States District Court for the Southern District of Alabama, enlarged the attendance zone of Davidson by annexing an area which included Plaintiff's residence. Students living in this area who had previously attended Baker were given the option of continuing there or transferring to Davidson. Students not previously attending Baker would attend Davidson.
 "Plaintiff and his parents, upon learning of the change, decided that Plaintiff would transfer from McGill-Toolen to Davidson and he was enrolled there for 1988-89. This decision was not influenced by considerations relating to participation in athletics at Davidson, nor was Plaintiff in any way 'recruited' to attend Davidson because of any athletic purposes. Rather, Plaintiff and his parents, for whatever reasons, simply preferred Davidson to Baker and took advantage of the opportunity for Plaintiff to attend Davidson.
". . . .
 "There is absolutely no evidence of fraud or collusion. Defendant Scott has *Page 912 
been Executive Director of AHSAA for more than 20 years. During his tenure and that of his predecessor, Cliff Harper, who served nearly as long, AHSAA has become a national model for such associations. The District and Central boards are composed of able and dedicated people whose only objectives are the protection of high school athletes and the improvement of interscholastic athletics in Alabama. The question before the Court is whether, in furthering these objectives, AHSAA has applied its rules arbitrarily as respects Plaintiff.
 "The eligibility rules regarding residency were adopted to prevent the 'recruiting' of high school athletes from one school to another. They are proper in their purpose and reasonable in their scope. But there is no rule governing the situation in which a school board has given students the option of remaining at one school or transferring to another. AHSAA decided that students electing to transfer from Baker to Davidson in the situation here discussed would be eligible immediately to participate in athletics at Davidson. However, a student such as Plaintiff, identically situated except for his attendance at McGill-Toolen, would under the ruling in question not be so eligible.
 "AHSAA, faced with somewhat novel conditions, chose not to apply its transfer without change of residence restrictions to Baker-to-Davidson transfers. Having done so, the application of such restrictions to McGill-Toolen-to-Davidson transfers made under the same conditions is arbitrary."
In Scott v. Kilpatrick, 286 Ala. 129, 237 So.2d 652 (1970), we set forth the standard of review regarding a court's jurisdiction in a high school athletic association's determination of the eligibility of amateur athletes:
 "If officials of a school desire to associate with other schools and prescribe conditions of eligibility for students who are to become members of the school's athletic teams, and the member schools vest final enforcement of the association's rules in boards of control, then a court should not interfere in such internal operation of the affairs of the association. . . .
 "Of course, if the acts of an association are the result of fraud, lack of jurisdiction, collusion, or arbitrariness, the courts will intervene to protect an injured [party's] rights."
286 Ala. at 132, 237 So.2d at 655 (citations omitted) (emphasis added). See generally Annot., Validity of Regulation ofAthletic Eligibility of Students Voluntarily Transferring fromOne School to Another, 15 A.L.R. 4th 885 (1982).
The test set forth in Kilpatrick has been continually reaffirmed. In Alabama High School Athletic Ass'n v. Rose,446 So.2d 1 (Ala. 1984), we stated:
 "We reaffirm the Kilpatrick test to the effect that the Court's jurisdiction is invoked when, and only when, the averments of fraud, collusion, or arbitrariness are supported by clear and convincing evidence; and the trial court's acceptance of jurisdiction will be affirmed only where its order makes an unequivocal factual finding of one or more of those narrow, restrictive grounds, founded upon clear and convincing evidence."
446 So.2d at 5. See also Alabama High School Athletic Ass'n v.Medders, 456 So.2d 284 (Ala. 1984).
The case of Bruce v. South Carolina High School League,258 S.C. 546, 189 S.E.2d 817 (1972), best addresses the AHSAA's claim that the application of the transfer rule to John is not arbitrary:
 "In contending that, since they were not recruited and the rule was designed to prevent recruiting, it should not apply to them, respondents confuse the reasons which prompted the adoption of the rule with the method adopted to accomplish the desired goal. Prohibitive administrative difficulties, as well as others, resulting from a determination in each case of the reason prompting the transfer could have properly influenced the member schools to decide that the best method to accomplish the elimination of the evil of recruiting was to bind themselves to *Page 913 
adherence to a rule without exceptions or qualifications. The merits of such a rule or the wisdom of its adoption [is] not for the courts to determine.
 "The action of the League in declaring respondents ineligible to participate in interscholastic athletics was not arbitrary. The action taken was strictly in accord with the lawfully adopted rules of the League, by which all members agreed to be bound.
 "It appears that the rules of the League have been uniformly applied to all member schools and transfer students, except in those cases where students have been required to change schools as a result of the orders of the Federal Courts. In those cases, eligibility rules have not been enforced. Respondents contend that the enforcement of the transfer rule as to them, and not to those students who change schools under court order, is discriminatory and denies to them equal protection of the laws.
 "The fact that the rule has not been applied to students who are forced by law to transfer from one school to another does not establish discrimination. Those who transferred because of court orders were forced to do so because the law determined which public school they must attend. In this case, respondents voluntarily changed schools. The rule simply has no application to those who are forced by law to transfer."
258 S.C. at 548, 189 S.E.2d at 819-20 (emphasis added).
We agree with the analysis of the Supreme Court of South Carolina, and thus hold that the AHSAA's ruling declaring John ineligible was not arbitrary. The trial court based its decision on the fact that John was "identically situated [to those students transferring from Baker to Davidson] except for his attendance at McGill-Toolen." This finding by the trial court was in error.
John's argument is based on the fact that the federal court order changed the public school zones in Mobile. Because of that change, the AHSAA permitted public school students who were affected by the rezoning to retain their eligibility upon transferring from Baker, a public school, to Davidson, another public school. While some students who were attending Baker prior to this action had the option to either remain at Baker,a public school, or voluntarily transfer to Davidson, anotherpublic school, those students who had never attended Baker and whose houses were located in the new Davidson zone were required to attend Davidson because of the federal court order. The federal court order applied exclusively to public school students. The fatal flaw in John's argument and in the holding of the trial court is that John's situation is not identical to that of those students. John voluntarily changed to a public school from a private school serving the entire city of Mobile.
Because we hold that the AHSAA's actions were not arbitrary, the order of the circuit court granting injunctive relief was in error.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.