ARKANSAS ACTIVITIES ASSOCIATION (an Unincorporated Association), Lamar Cole, Executive Director, et al. *v.* Shane William MEYER

90-305                                          805 S.W.2d 58

Supreme Court of Arkansas
Opinion delivered March 4, 1991

*McMillan, Turner & McCorkle*, for appellants.

*Samuel F. Beller*, for appellee.

ROBERT L. BROWN, Justice. This dispute involves the power of the courts to interfere with the rules of a voluntary regulatory

agency, the Arkansas Activities Association ("AAA"), which is established and supported by local junior and senior high school systems. More specifically, the case involves the AAA's appeal from an adverse chancery court decision denying the application of its age rule to appellee Shane William Meyer and enjoining the AAA from prohibiting Meyer's participation in interscholastic activities including athletics.

The facts are not contested by the parties. In September of 1980 the AAA, which has 495 public and private junior and senior high schools as its members, adopted an age rule for interscholastic events:

> B. Senior High. A senior high student whose 19th birthday is on or before October 1, may not participate in an interscholastic event.

> NOTE: Grandfather Clause. This rule may be waived for a senior high school student who is ineligible by the above rule due to events that occurred before adoption (September 1980). He may participate until the day he is 20 years old, *if* normal progression has occurred since 1980 and upon approval of the AAA Executive Director.

Meyer is a student at Highland High School, which is located in Ash Flat. Highland High is an AAA member. Meyer was born on July 10, 1971, and was age nineteen at the beginning of his senior year and as of October 1, 1990, which disqualified him from interscholastic events under the AAA age rule. Meyer runs afoul of the age rule because although he entered public schools before September 1980 (the operative date for the grandfather clause under the rule), he repeated the fifth grade in academic year 1983-84. This repetition was not the decision of the school administration but was instead at his mother's request. Meyer's mother was not aware of the AAA age rule in 1983, and the AAA took no steps to inform parents of elementary students of the rule at that time.

Meyer was notified about the age rule during his junior year in high school, and on February 28, 1990, he petitioned the AAA Executive Director, Lamar Cole, for a hardship exception to the rule. The petition was denied, and the AAA Executive Committee affirmed that decision on March 15, 1990. Meyer then filed a

petition for injunctive relief against the AAA in chancery court. After a full hearing on his petition, the chancellor, on July 2, 1990, permanently enjoined the AAA from halting Meyer's participation in interscholastic activities for the 1990-91 school year and further permanently enjoined the AAA from requiring the school to forfeit any AAA regulated activity in which Meyer participated. In a letter opinion which accompanied the chancellor's order, he found that the age rule itself was rational based on safety considerations but then went on to make additional findings relative to the grandfather clause:

. . .

b.   It does not appear to this court that the AAA was rational in making an exception to the rule grandfathering students in who would otherwise be ineligible after the adoption date of said rule.

c.   Since the rule was adopted to protect students and an exception was made to the rule grandfathering students in until their 20th birthday regardless of their size, mental status, or athletic ability as long as normal school progression had occurred, each case should be determined with the safety and fairness of other students in mind.

d.   Shane Meyer was held back in the 5th grade by his parents, not the school, therefore, he should have passed on to the 6th grade.

e.   Shane Meyer has progressed normally, since being involved in activities under the AAA rules and regulations.

f.   Shane Meyer's mental or physical ability does not present an unfair or unsafe condition to other students should he be permitted to participate under the grandfather exception.

We disagree with the chancery court's analysis of the grandfather clause, and we reverse the chancellor's order and vacate the permanent injunction.

The AAA first raises the argument that the courts are powerless to interfere in the affairs of voluntary organizations. As

a general rule the AAA is correct. It is well settled that the power of the courts to review the actions of voluntary associations is extremely limited, and the courts will avoid interference with such associations except in case of "fraud, lack of jurisdiction, or the invasion of property or pecuniary rights or interests." *Bruce* v. *South Carolina High School League,* 189 S.E.2d 817, 819 (S.C. 1972). The *Bruce* court went on to say that the decisions of associations and their tribunals will be accepted by the courts as conclusive "in the absence of mistake, fraud, illegality, collusion, or arbitrariness." *Id.*

■ Appellee Meyer, nonetheless, contested the grandfather clause of the AAA age rule on a variety of constitutional grounds including arbitrariness and capriciousness, denial of due process, deprivation of pursuit of happiness and enjoyment of life, and violation of equal protection of the laws. The constitutional issues raised easily place the matter within the narrow criteria where judicial review is appropriate.

■ A threshold question is whether the allegations of constitutional deprivation involve state action. Here, we are concerned with a voluntary association; while it is not a state agency, the association had significant contacts and relationships with the public schools of this state. For example, the AAA membership consists of the superintendents and principals of the 495 member schools who are responsible for adopting the rules which regulate interscholastic activities at those schools. Under such circumstances state action has been found to exist. *See, e.g., Barnhorst* v. *Missouri State High School Activities Ass'n.,* 504 F. Supp. 449 (W.D. Mo. 1980). We hold that it exists in this case due to the close and symbiotic relationship between the AAA and the Arkansas public school system.

■ The AAA argues that Meyer's right to participate in interscholastic events is more a privilege than a constitutional right. While that may be, the distinction between rights and privileges, where governmental benefits are concerned, has been largely discarded by the United States Supreme Court. *See Graham* v. *Richardson,* 403 U.S. 365 (1971). Be that as it may, there is clearly no constitutional right to play sports or engage in other school activities. *See Barnhorst* v. *Missouri State High School Activities Ass'n, supra.* It legitimately falls within the

purview of a voluntary association like the AAA, acting in conjunction with the schools, to regulate such activities. However, to the extent that rules are adopted by the AAA they must satisfy constitutional principles as applied and may not impinge on due process or equal protection rights. A student has the right to have his or her request to participate in student athletics reviewed under rules that are constitutional. *Id.* Here, Meyer's assertion is the AAA's grandfather clause fails to pass constitutional muster as applied to his situation.

The crux of this case, then, is whether a rational basis exists for the grandfather clause under the age rule. Neither party contests the age rule itself or the policy rationale supporting the rule. But Meyer contends the grandfather clause unfairly discriminates against him and in favor of nineteen-year-olds who did normally progress through school after September 1980, and, therefore, it violates the Equal Protection Clause of the state and federal constitutions. Both Meyer and the AAA agree that the test for determining whether the classification between students normally progressing ánd those who do not under the grandfather exception is whether the exception bears a rational relationship to a legitimate state interest.

In a situation bearing striking similarities to the present case, the Fifth Circuit Court of Appeals refused to find that a distinction drawn by a high school athletic association between repeating a grade voluntarily and a mandatory repetition due to academic failure was either inherently suspect or an encroachment of a fundamental right under the Equal Protection Clause. *Mitchell* v. *Louisiana High School Ass'n*, 430 F.2d 1155 (5th Cir. 1970). There, the issue was whether three students who had voluntarily repeated a grade lost their fourth year of eligibility to play sports in high school. The association rule was clear in saying that the three students who voluntarily repeated did lose their eligibility. But the rule also provided that it did not apply to students repeating a grade due to academic failure.

The three students contested the rule, specifically the classification between academic failure and voluntary repetition. The court found that the classification was grounded in and related to a legitimate state interest which was "to minimize the hazard of having usual high school athletes competing with older, more

skilled players." 430 F.2d at 1158. More specifically, the court said that the repetition of a grade due to academic failure was less likely to be influenced by athletic considerations than voluntary repetition.

The *Mitchell* case offers substantial guidance in this case. Here, too, there is a legitimate state interest sustaining the AAA rule — the safety of the younger players. There is, further, a legitimate interest in permitting students already in the school system as of September 1980 to play until age twenty, if they normally progress from grade to grade. Failure to progress normally due to a voluntary repetition of a grade could be used as a subterfuge to enable older students to engage in activities like sports during their senior year.

It is true that the grandfather clause allows students already in school as of September 1980 to play sports until age twenty, if they satisfy the "normal progression" requirement. This seemingly undermines the purpose of the rule in that it permits nineteen-year-olds to engage in interscholastic sports with all of the implied safety risks. At the same time the grandfather exception is grounded in legitimate public policy. To have changed the rules in September 1980 and thereby denied to existing students who started school late the right to engage in certain school activities would have been a deprivation of their rights without notice. The rights of such existing students who were older than their classmates as of September 1980 must also be protected against any arbitrary severance of their rights occasioned by the new rule.

■■ We have continuously upheld the legitimacy of grandfather clauses and the policy behind them. *See, e.g., Kittler v. State*, 304 Ark. 344, 802 S.W.2d 925 (1991). Legislators have the right to make distinctions in their enactments between existing rights and conditions and those that may come into existence in the future, when there is a rational basis for that distinction. *Valley Bank v. State*, 335 A.2d 652 (N.H. 1975). We hold that a rational relationship to a legitimate state interest exists for the grandfather clause in the AAA age rule, that is, that existing students in September 1980 not be penalized by the adoption of a new rule so long as they progress normally through school from that date forward. Meyer, ironically, argues that the

grandfather clause is invalid on constitutional grounds. But without the grandfather clause, he has no recourse for a hardship exception, since he was clearly nineteen and ineligible for 1990-91 activities under the rule itself.

■ The grandfather exception to the AAA age rule is uniformly applied by the association in that all students "grandfathered in" must satisfy the normal progression requirement as of September 1980. Meyer failed to do so and because of that is rendered ineligible. In addition to uniform application the exception has a legitimate reason for its genesis as discussed above. Under these circumstances we find no grounds for a finding of arbitrary or capricious behavior on the part of the AAA.

■ It is true that Mrs. Meyer was not aware of the AAA age rule in 1983, when she held her son back to repeat the fifth grade, and it is further true that the AAA did not advise parents of elementary students of the age rule at that time. But that information was available to her had she sought it out from the school administration or the AAA. She did not, and this leads to a harsh result for her son. We hold, however, that the lack of notice to Mrs. Meyer in 1983 does not rise to the magnitude of a constitutional deprivation of due process of law under either the state or federal constitutions. *See Mitchell* v. *Louisiana High School Ass'n, supra* (failure to give notice of an association rule was not a violation of due process under the federal constitution).

■ Finally, we cannot agree that Meyer normally progressed through school after September 1980, when he repeated the fifth grade in 1983-84. This simply is not normal progression. The fact that he did so at his mother's behest rather than the school's is not a persuasive argument. The safety policy set out in the age rule is clearly jeopardized by a repetition of grades, regardless of the reason for that repetition.

We hold today that the court clearly erred in finding no rational basis for the age rule's grandfather clause and further erred in concluding that Meyer progressed normally through school after September 1980. The permanent injunction is therefore vacated and this case is dismissed.

Reversed.

GLAZE, J., concurs.