# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3205

_____

Teresa Bloodman, Parent and Natural Guardian of John Doe, a Minor Child

*Plaintiff - Appellant*

v.

Dr. Tom Kimbrell, Arkansas Department of Education, Individually Named and Official Capacity; Dr. Jerry Guess, Superintendent, Pulaski County Special School District, Individually Named and Official Capacity; Dr. Tameka Brown, Principal, Maumelle High School, Individually Named and Official Capacity; Michael Shook, Coach, Maumelle High School, Individually Named and Official Capacity; Grover Garrison, Coach, Maumelle High School, Individually Named and Official Capacity; Sherman Cox, Athletic Director, Maumelle High School, Individually Named and Official Capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: August 7, 2013
Filed: September 19, 2013
[Unpublished]

_____

Before SMITH, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Teresa Bloodman is the parent and guardian of John Doe, a minor child and student at Maumelle High School. Bloodman brought this complaint claiming that the defendants violated her son's rights when the school, in violation of its own policies (1) placed him on the school basketball team after he tried out but removed him from the team after additional tryouts were held and (2) reassigned him from a seventh-hour athletics class to a study hall and then to a home economics class. She sought relief under the United States and Arkansas Constitutions and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a). The District Court dismissed the federal claims and declined to exercise supplemental jurisdiction over the state-law claims. This appeal followed. After careful de novo review, we affirm in part, reverse in part, and remand for further proceedings. See Butler v. Bank of Am., 690 F.3d 959, 961 (8th Cir. 2012) (standard of review).

We agree with the District Court that Bloodman failed to state a due-process claim based on her son's removal from the basketball team. See Austell v. Sprenger, 690 F.3d 929, 935 (8th Cir. 2012) (explaining that a constitutionally cognizable property right arises when state law creates a justifiable expectation of entitlement); Marler v. Mo. State Bd. of Optometry, 102 F.3d 1453, 1456 (8th Cir. 1996) ("To establish a procedural due process violation, a plaintiff must first demonstrate that he has a protected liberty or property interest at stake."); Ark. Activities Ass'n v. Meyer, 805 S.W.2d 58, 61 (Ark. 1991) ("[T]here is clearly no constitutional right to play sports or engage in other school activities.").

We also agree with the court that the complaint does not state a claim for an equal-protection violation resulting from the school's decision to allow another round of basketball tryouts. See Zander v. Mo. State High Sch. Activities Ass'n (In re United States ex rel. Mo. State High Sch. Activities Ass'n), 682 F.2d 147, 152 (8th Cir. 1982) (noting that education is not a fundamental right requiring application of strict judicial scrutiny and athletes are not a suspect class, so if there is a rational relationship between a policy and a legitimate state interest, "judicial scrutiny must

cease"). As for Title IX, the law prohibits exclusion, denial of benefits, or discrimination in education programs receiving federal assistance when the conduct occurs "on the basis of sex." 20 U.S.C. § 1681(a). Bloodman's complaint does not allege that the defendants engaged in any of the complained-of conduct because her son is male, so her claim under Title IX was properly dismissed.

We reverse and remand, however, on Bloodman's claim that her son lost credit toward graduation when he was transferred from the elective athletic class that he had been attending to a study hall and then to a home economics class, in violation of school policies (1) prohibiting transfers without parental consent and (2) prohibiting reassignment to a class after eight weeks of the semester have elapsed. The District Court dismissed the complaint without considering whether these school policies created a justifiable expectation that the son would not be so transferred and reassigned, for purposes of determining whether a property interest protected under the Due Process Clause was at stake. See Austell, 690 F.3d at 935; Marler, 102 F.3d at 1456.

Accordingly, we affirm the dismissal of Bloodman's claims that removal of her son from the basketball team violated the Due Process and Equal Protection Clauses and that the defendants violated Title IX, but we reverse and remand for further proceedings consistent with this opinion on Bloodman's claim that the class reassignments and transfers violated her son's constitutional rights.

_____